UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO.   8:20-cr-348-SDM-CPT
                                                       8:25-cv-756-SDM-CPT

JEFFERY L. DAVIS,
_____

**ORDER**

Jeffrey L. Davis moves under 28 U.S.C. § 2255 to vacate his convictions and 288-month sentence for a series of eight Hobbs Act robberies, for brandishing a firearm during three of the Hobbs Act robberies, and for possessing a firearm and ammunition while a convicted felon.  Both his convictions and sentence accord with the plea agreement.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]"  Because Davis's motion is barred by prior resolution, meritless, and untimely, it must be denied.

Under a plea agreement, Davis pleaded guilty to Counts 3, 4, 5, 6, 9, 10, 11, 13, 15, 17, 19, and 21 of the indictment.  (Crim. Doc. 26 at 2–3)  Counts 3, 5, 9, 11, 13, 15, 17, and 19 charge Davis with Hobbs Act robbery of eight convenience stores,

in violation of 18 U.S.C. § 1951. Counts 4, 6, and 10 charge Davis with possessing and brandishing a firearm in furtherance of the Hobbs Act robberies charged in Counts 3, 5, and 9, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count 21 charges Davis with being felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). The United States agreed to dismiss the remaining charges from the indictment. The district court adjudicated Davis guilty and sentenced him to 288 months.

On appeal, Davis argued that he was convicted of non-existent offenses under 18 U.S.C. § 924(c) because *Taylor v. United States*, 596 U.S. 845 (2022), holds that attempted Hobbs Act robbery does not constitute a predicate crime of violence under 18 U.S.C. § 924(c)(3)(A). The circuit court disagreed and affirmed Davis's convictions and sentence, *United States v. Davis*, No. 22-11098, 2023 WL 1860966, at *1 (11th Cir. Feb. 9, 2023):

> First, *Taylor* does not affect Mr. Davis' guilty pleas to the Hobbs Act robbery offenses in Counts 3, 5, 7, 9, 11, 13, 15, and 17.[1] Those offenses were charged under 18 U.S.C. § 1951, and *Taylor* did not call into question the stand-alone validity of that provision.

---

[1] The circuit court opinion contains a typographical error. Davis did not plead guilty to Count 7. Rather, Count 7 was dismissed from the indictment under the plea agreement. (Crim. Doc. 26 at 4)

Second, *Taylor* does not affect Mr. Davis' guilty pleas to the firearm offenses charged in Counts 4, 6, and 10. Those offenses were charged under 18 U.S.C. §§ 924(c)(1)(A)(ii) & 2, and were based on the use, carrying, or brandishing of a firearm by Mr. Davis or his co-defendant during and in relation to the Hobbs Act robberies charged in Counts 3, 5, and 9. *Taylor* does not impact or call into question Counts 4, 6, and 10 because the underlying Hobbs Act robberies for the firearm charges (those set out in Counts 3, 5, and 9) were not mere attempts. They were instead successful robberies in which Mr. Davis and his co-defendant took money from each of the establishments at issue. *See* D.E. 142 at 36–37 (government's factual proffer for Counts 3, 4, 5, 6, 9, & 10).

In his motion to vacate, Davis repeats the meritless argument that he advanced on direct appeal. Davis claims (Civ. Doc. 1 at 4):

Fifth Amendment violation of due process SCOTUS decision US v. Taylor, No. 20-1459, 06/21/2022.

Attempted Hobbs Act Robbery no longer qualifies as a COV under 924(c)(3)(A) and therefore cannot serve as a predicate for a conviction under 924(c)(1)(A). I plead guilty to attempted Hobbs Act Robbery Ct 3, 5, 9, 11, 13, 15, 17, 19 and 21 and also 924(c) [in] Ct. 4, 6 10.

"It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.")). Davis's meritless claim—that his 18 U.S.C. § 924(c) convictions are invalid after *Taylor* because attempted Hobbs Act robbery is not a predicate crime of violence—has already been considered and rejected by the circuit court and is therefore procedurally barred.

As the circuit court explains, *Taylor* does not invalidate Davis's 18 U.S.C. § 924(c) convictions. Davis was not charged with, and did not plead guilty to, attempted Hobbs Act robberies. Rather, he was charged with a series of eight, completed Hobbs Act robberies. In the plea agreement, Davis admitted to taking money from each of the eight convenience stores. (Crim. Doc. 26 at 21–25)

Additionally, Davis's motion is untimely. Davis's judgment of conviction became final on May 10, 2023, when the time expired for filing a petition for a writ of certiorari. *See Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003). Under 28 U.S.C. § 2255(f)(1), Davis had one year from that date, or until May 10, 2024, to file his motion to vacate. He did not file his motion until March 27, 2025.

Recognizing that his motion is untimely, Davis argues that the statute of limitations should not bar his claim because "most of the months following [his] direct appeal U.S.P. Hazelton was operating on a modified COVID-19 operations where inmates were not allowed access to the law library, law computers, [or] legal calls." (Civ. Doc. 1 at 11) Davis files a letter from prison Unit F Case Manager A. Satterelli, who writes that inmates, including Davis, were unable to access "Legal Phone Calls, Electronic Message System, Law Library and/or Education for legal purposes during the months of November 2024, December 2024, & January 2025 due to staffing issues and disciplinary lockdowns." (Civ. Doc. 1 at 13)

Davis shows neither that he diligently attempted to file his motion to vacate before the limitation expired nor that extraordinary circumstances prevented his timely filing despite his reasonable diligence. *See Holland v. Florida*, 560 U.S. 631, 649 (2010).

Lack of access to legal materials caused by prison lockdowns is insufficient to toll the limitation. *See Bell v. Sec'y, Dept. of Corr.*, 248 F. App'x 101, 104 (11th Cir. 2007) (ruling that the movant "failed to establish that his inability to access the prison law library was an extraordinary circumstance that prevented him from timely filing his § 2254 petition despite his due diligence"). And, according to the prison manager, the lockdowns occurred from November 2024 to January of 2025, approximately six months after the May 10, 2024, filing deadline expired. *See Vicario v. U.S. Attorney Gen.*, 407 F. App'x 357, 359 (11th Cir. 2010) (ruling that events that "occurred well after the filing deadline do not bear on [the] failure to [adhere to the filing deadline] and would not entitle [the movant] to equitable tolling").

Davis's motion under 28 U.S.C. § 2255 (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Davis, close this case, terminate any pending motions, and enter a copy of this order in the criminal case.

## CERTIFICATE OF APPEALABILITY
## <u>AND LEAVE TO APPEAL IN FORMA PAUPERIS</u>

Davis is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Davis must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues

she seeks to raise.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Davis is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

A certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Davis must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on April 21, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE